STATE OF LOUISIANA           *         NO. 2019-KA-0949

VERSUS                    *

LAURENCE A. MCKEE       *         COURT OF APPEAL

                          FOURTH CIRCUIT

                    *

                          STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 531-463, SECTION "B"
Honorable Tracey Flemings-Davillier, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)

Leon Cannizzaro, District Attorney
Donna Andrieu, Assistant District Attorney
Irena Zajickova, Assistant District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

      COUNSEL FOR STATE OF LOUISIANA/APPELLEE

Rachel Conner
Attorney at Law
3015 Magazine Street
New Orleans, LA 70115

      COUNSEL FOR DEFENDANT/APPELLANT

                      **VACATED AND REMANDED**

              **AUGUST 19, 2020**

*SCJ*
*RBW*
*DNA*

Defendant, Laurence McKee, appeals his conviction for second degree murder by a non-unanimous 10-2 jury verdict. By his sole assignment of error on appeal, defendant argues the non-unanimous jury verdict violates the Sixth and Fourteenth Amendments of the United States Constitution and, consequently, his conviction must be vacated. Based upon the recent decision by the United States Supreme Court in *Ramos v. Louisiana*, __ U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), holding that non-unanimous jury verdicts in state felony trials are unconstitutional, and in consideration of the Louisiana Supreme Court's directive[1] to consider a non-unanimous verdict as part of our appellate error patent review, we vacate defendant's conviction and sentence and remand this case to the trial court.

---

[1] *State v. Monroe*, 2020-00335 (La. 6/3/20), 296 So.3d 1062.

1

## PROCEDURAL BACKGROUND[2]

On December 8, 2016, an Orleans Parish grand jury returned an indictment charging defendant with second degree murder, in violation of La. R.S. 14:30.1. On January 5, 2017, defendant entered a plea of not guilty.

A jury trial commenced on January 22, 2019. On January 24, 2019, the jury rendered its verdict, finding defendant guilty of second degree murder. Defendant requested that the jury be polled, revealing a non-unanimous 10-2 guilty verdict.

On March 11, 2019, the trial court denied defendant's motion for new trial and defendant waived delays for sentencing. The trial court then sentenced defendant to life imprisonment without benefit of probation, parole, or suspension of sentence.

This timely appeal followed.

## DISCUSSION

In his sole assignment of error, defendant argues that his constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated by the lack of a unanimous verdict.

At the time of defendant's trial, in January 2019, Louisiana law allowed for non-unanimous jury verdicts in felony trials of a case in which the crime occurred prior to January 1, 2019. *See* La. C.Cr.P. art. 782(A).[3] Accordingly, in this case,

---

[2] The factual background of this case is not pertinent to the determinative issue in this appeal.

[3] Following the passage of a Louisiana constitutional amendment in 2018, La. C.Cr.P. art. 782(A) was amended and reenacted, effective January 1, 2019, to provide, in pertinent part, as follows:

> A case for an offense committed prior to January 1, 2019, in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. A case for an offense committed on or after January 1, 2019, in which the punishment is necessarily

the trial court instructed the jury that only ten of the twelve jurors must agree in order to reach a verdict. Furthermore, at that time, the controlling Louisiana jurisprudence consistently upheld the constitutionality of non-unanimous jury verdicts for cases tried before a twelve-person jury. *See State v. Bertrand*, 08-2215 (La. 3/17/09), 6 So.3d 738 (upholding the constitutionality of La. C.Cr.P. art. 782, which sanctioned non-unanimous verdicts of ten out of twelve jurors in cases in which punishment is necessarily confinement at hard labor).

While defendant's appeal was pending review in this Court, on April 20, 2020, the United States Supreme Court rendered its decision in *Ramos v. Louisiana*, announcing a new constitutional rule: the Sixth Amendment right to a jury trial—as incorporated against the States through the Fourteenth Amendment—requires a unanimous jury verdict to convict a defendant of a serious offense. Thus, the United States Supreme Court ruled definitively that non-unanimous jury verdicts in state felony trials are unconstitutional. In addition, *Ramos* invalidates the non-unanimous convictions of defendants who preserved the issue for review in cases still on direct review. *Ramos*, __ U.S. at __, 140 S.Ct. at 1406-08; *see also*, *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final").

---

confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

In this case, the State contends that defendant failed to preserve the issue of his non-unanimous jury verdict for review in this appeal, and the State argues that defendant is not entitled to relief under *Ramos* because he failed to file a pretrial motion for a unanimous verdict or to contemporaneously object when the non-unanimous verdict was rendered. But we find no merit to the State's argument, considering that the Louisiana Supreme Court has issued numerous *per curiam* opinions directing the appellate courts to consider the issue of a non-unanimous jury verdict as part of its error patent review, and stating as follows:

> The matter is remanded to the court of appeal for further proceedings and to conduct a new error patent review in light of *Ramos v. Louisiana*, 590 U.S. --, 140 S.Ct. 1390, -- L.Ed.2d – (2020). If the non-unanimous jury claim was not preserved for review in the trial court or was abandoned during any stage of the proceedings, the court of appeal should nonetheless consider the issue as part of its error patent review. *See* La. C.Cr.P. art. 920(2).
> The present matter was pending on direct review when *Ramos v. Louisiana* was decided, and therefore the holding of *Ramos* applies. *See Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987).

*State v. Monroe*, 2020-00335 (La. 6/3/20), 296 So.3d 1062; *see also State v. Taylor*, 18-1039 (La. App. 4 Cir. 6/17/20), __ So.3d __, 2020 WL 3264072.

Accordingly, in reviewing this record on appeal for errors patent, we find that the holding in *Ramos* applies in this case and renders defendant's conviction by a non-unanimous jury verdict unconstitutional.

## CONCLUSION

For the foregoing reason, we hereby vacate defendant's conviction and sentence and we remand this matter to the trial court.

**VACATED AND REMANDED**

4